STATE OF NORTH CAROLINA

IN THE GENERAL COURT OF JUSTICE

SUPERIOR COURT DIVISION

COUNTY OF BURKE

FILED
2025 JUN 20 P 2:49
BURKE ... C.S.C
BY ____

Taylor Parlier,
Plaintiff,

v.

Burke County Board of Education,
Burke County Public Schools,
Superintendent Mike Swan,
HR Director Keith Recker,
Director of Maintenance Bob Acord,
Former Director of Custodial Operations Mark Wheeler,
Principal Leanna McKinney,
Defendants.

## COMPLAINT

### I. INTRODUCTION

1. Plaintiff Taylor Parlier is a resident of Catawba County, North Carolina, and was formerly employed as a custodian at Drexel Elementary School within Burke County Public Schools (BCPS).

2. This case arises from a pattern of retaliation, due process violations, and unlawful termination carried out by Burke County Public Schools and the Burke County Board of Education in response to Plaintiff's good-faith efforts to raise safety concerns and request a transfer from a hostile work environment.

### II. JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to N.C. Gen. Stat. §§ 7A-240 and 95-241, and under North Carolina common law. Venue is proper in Burke County because the events giving rise to these claims occurred there.

## III. FACTUAL ALLEGATIONS

4. Plaintiff was employed by BCPS from June 2024 to May 2025 and served as a custodian at Drexel Elementary School with a consistent record of professionalism and reliability.

5. In March 2025, Plaintiff reported serious safety concerns, including after-hours access to the school by unauthorized individuals connected to a former employee. These concerns were reported to Principal Leanna McKinney and Director of Custodial Operations Mark Wheeler.

6. Plaintiff made repeated, formal requests for a transfer due to health and safety concerns. These requests were ignored, and instead, Plaintiff was met with escalating scrutiny.

7. On March 24, 2025, Drexel Elementary was targeted by a school shooting threat. A suspect was arrested, and the threat followed shortly after Plaintiff's safety concerns had been dismissed.

8. On May 12, 2025, Plaintiff was approached by HR Director Keith Recker and law enforcement, told they were terminated, and forced to surrender their badge and keys without prior written notice or hearing.

9. Plaintiff was not given any opportunity to defend against termination and did not receive official documentation until after the removal occurred, violating Board Policy 7940 and N.C. Gen. Stat. § 115C-325.

10. Superintendent Mike Swan had directed that Plaintiff's grievance materials be submitted to him, despite being a named party in the complaint, violating Board Policies 2500 and 1750/7220.

11. Plaintiff had no disciplinary documentation prior to their March 13 complaint. Following this, retaliatory records were added to Plaintiff's personnel file, including a termination email sent during the May 12 incident, denying any chance for review or response.

12. This retaliation was coordinated at multiple levels by McKinney, Wheeler, Acord, Recker, and Swan, and Board Chair Tiana Sims Beachler failed to intervene despite notice.

## IV. CLAIMS FOR RELIEF

Claim 1: Retaliation in Violation of REDA (N.C. Gen. Stat. §§ 95-240 et seq.)

13. Plaintiff engaged in protected activity under REDA by raising safety concerns and requesting a transfer.

14. Defendants retaliated through escalating scrutiny and eventual termination of employment and benefits.

Claim 2: Wrongful Termination in Violation of North Carolina Public Policy

15. Plaintiff was wrongfully terminated for refusing to work in unsafe and hostile conditions after filing protected complaints.

Claim 3: Violation of Procedural Due Process (14th Amendment, U.S. Constitution)

16. Plaintiff was denied notice and a fair hearing prior to termination, in violation of constitutional due process protections and North Carolina law.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court award the following relief:

a. Judgment in Plaintiff's favor on all claims.

b. Compensatory damages for lost wages, benefits, insurance, emotional distress, reputational harm, and future earnings.

c. Punitive damages for willful misconduct and bad faith.

d. Injunctive relief including reinstatement or front pay.

e. Court costs and any additional relief the Court deems proper.


Respectfully submitted,

Taylor Parlier

2011 1st St SW

Hickory, NC 28602

(828) 221-5450

taylorparlier93@gmail.com

*Taylor Parlier*